COCA-COLA BOTTLING COMPANY OF NEW YORK, INC., Plaintiff, v. JOHN VANNECK et al., Defendants.

Supreme Court, Trial Term, New York County, July 5, 1951.

*Harold H. Levin* and *Sidney J. Silberman* for plaintiff.

*Percival E. Jackson* and *Theodore N. Tarlau* for defendants.

BENVENGA, J.   Plaintiff brings this action to recover the balance of its share of a condemnation award.   The question presented involves the construction of a lease between the parties and of a letter prepared by defendants and signed by plaintiff at the request of the defendants.

Under the lease, defendants, as landlords, agreed to erect a building expressly for plaintiff, as tenant, in accordance with plaintiff's specifications, for its bottling and distributing business; the cost of construction to be paid by plaintiff in installments over a twenty-year period.   The lease provided that, in the event of condemnation, plaintiff was to receive that proportion of the award "which the amount theretofore paid by (plaintiff) to (defendants) on account of the cost of construction of said building bears to the total cost of the building."

Following the execution of the lease, but prior to the erection of the building, the above-mentioned letter was signed by plaintiff.   It provides, among other things: "If, by reason of any changes or extras requested by (plaintiff), the cost of said construction or erection of said building is increased, then (plaintiff) will pay said increased or extra cost directly to the contractor."

Pursuant to the lease and the letter, plaintiff paid $55,323.41 in installments to defendants and $64,149.83 directly to the contractor.

In the condemnation proceeding, defendants based their claim upon the total cost of the construction of the building. They asserted that the cost was $210,057.04, which sum admittedly represents $145,907.21 expended by defendants and $64,149.83 which plaintiff paid directly to the contractor. Upon the basis of this testimony, defendants received an award, including interest, of $184,232.32.

Reading the contract in the light of the letter and the circumstances surrounding the transaction between the parties, it would seem to have been their intention to share in the award in proportion to their respective contributions to the total cost of construction of the building. Plaintiff's share of the award, therefore, should be in proportion to its total contribution — whether made to defendants or to the contractor. That this was the understanding of the parties is evidenced by the circumstance that defendants requested and, presumably, obtained the award based upon the total cost of construction, including payments made by plaintiff directly to the contractor.

It follows that, since the total cost of the building was $210,057.04 and plaintiff's contributions thereto amounted to $119,473.24, plaintiff is entitled to 56.876% of the award. In other words, plaintiff is entitled to the difference between the amount already received and the amount represented by 56.876% of the award, or $34,802.22.

Judgment is accordingly directed for plaintiff in the sum of $34,802.22, with interest.